LINDE, PLAINTIFF-APPELLANT, *v.* STEFANCIN ET,
DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26070.   Decided December 6, 1962.

*Mr. Albert D. Nesbitt* and *Mr. Xenophon Zapis*, for plaintiff-appellant.
*Mr. Ralph Vince*, for defendants-appellees.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and DONAHUE, J., of the Seventh District, sitting by assignment in the Eighth District.)

HUNSICKER, P. J.   This is an appeal on questions of law from a judgment which vacated a judgment for money only, previously granted by the Municipal Court of Cleveland, Ohio.

On March 4, 1957, the trial court entered the following judgment:

"By consent of the parties hereto, judgment is rendered in favor of plaintiff for $1565.18 and costs."

Thereafter, on July 24, 1961, a petition to vacate such judgment was filed, together with an affidavit filed by the same coun-

sel who represented the defendants in the original action. This affidavit is as follows:

"Ralph Vince, being first duly sworn according to law, deposes and says that he is and at all times herein referred to was the attorney for the defendants in this action.

"He further says that on March 4, 1957, plaintiff obtained a judgment against defendants herein by virtue of a consent to rendition of judgment, purportedly signed Ralph Vince as attorney for defendants and filed herein.

"He further says that he did not sign said consent, that he did not consent to any rendition of judgment by plaintiff against defendants, and that the obtaining of said judgment by virtue of said consent constituted fraud by the plaintiff.

"Further affiant saith not.

"(s) Ralph Vince
_____

"Sworn to before me and subscribed in my presence this 21st day of July, 1961.

"(s) Donald W. Farley
_____
Notary Public"

There is also filed in this court a purported "statement of facts" signed by Theodore M. Williams. This paper writing is not a bill of exceptions; it is not authenticated by the trial judge, nor was it filed in the trial court as a narrative bill of exceptions.

This court must indulge the presumption that the trial court had before it sufficient credible evidence to sustain the judgment that was entered. Whether the affidavit filed with the petition to vacate is true or false is not for us to decide. The trial court entered a judgment which we must affirm.

Judgment affirmed.

Doyle and Donahue, JJ., concur.